Elizabeth Rosenfeld (CA Bar No. 106571)
email: erosenfeld@wkclegal.com
Kathryn J. Halford (CA Bar No. 068141)
email: khalford@wkclegal.com
Nicholas I. Starkman (CA Bar No. 291373)
email: nstarkman@wkclegal.com
**WOHLNER KAPLON CUTLER**
**HALFORD & ROSENFELD**
16501 Ventura Boulevard, Suite 304
Encino, CA  91436
Telephone:  (818) 501-8030 ext. 334
Facsimile:  (818) 501-5306

Attorneys for Plaintiffs, Board of Directors
of the Motion Picture Industry Pension Plan, et al.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### Western Division

| | |
|---|---|
| BOARD OF DIRECTORS OF THE MOTION PICTURE INDUSTRY PENSION PLAN; BOARD OF DIRECTORS OF THE MOTION PICTURE INDUSTRY INDIVIDUAL ACCOUNT PLAN; BOARD OF DIRECTORS OF THE MOTION PICTURE INDUSTRY HEALTH PLAN,<br><br>                    Plaintiffs,<br><br>vs.<br><br>SIGN SET, INC., a California corporation,<br><br>                    Defendant. | CASE NO.<br><br>**COMPLAINT FOR BREACH OF CONTRACT AND VIOLATON OF ERISA**<br><br>[29 U.S.C. §§1132, 1145<br> 29 U.S.C. §185] |

Plaintiffs allege as follows:

JURISDICTION

1.     Jurisdiction is conferred upon this court by the Employee Income Retirement Security Act of 1974 as amended ("ERISA"), 29 U.S.C. §1001, *et seq.*, and by section 301(a) of the Labor-Management Relations Act of 1947 as amended ("LMRA"), 29 U.S.C. §185(a).

VENUE

2.     In accordance with ERISA §502(e) (29 U.S.C. §1132(e)), venue is appropriate in the Central District of California as the place where the Plans are administered, and where the contractual obligations alleged herein are to be performed.

PARTIES

3.     Plaintiffs, the Boards of Directors of the Motion Picture Industry Pension Plan, the Motion Picture Industry Individual Account Plan, and the Motion Picture Industry Health Plan (herein "Plaintiffs"), are each the duly selected governing bodies of their respective jointly administered Labor-Management Trust Funds that were created and are maintained pursuant to section 302(c)(5) of the LMRA (29 U.S.C. §186(c)(5)).

4.     The Motion Picture Industry Pension Plan ("Pension Plan") and the Motion Picture Industry Individual Account Plan ("IA Plan") are "employee pension benefit plans" as defined ERISA §3(2) (29 U.S.C. §1002(2)).  The Motion Picture Industry Health Plan ("Health Plan") is an "employee welfare benefit plan" as defined in ERISA §3(1) (29 U.S.C. §1002(1)).  The Pension Plan, IA Plan, and Health Plan (collectively referred to herein as "the Plans") are "multiemployer plans" within the meaning of ERISA §§3(37)(A) and 515 (29 U.S.C. §1002(37)(A); 29 U.S.C. §1145).  Plaintiffs are fiduciaries with respect to the Plans within the meaning of ERISA §21(A) (29 U.S.C. §1002(21)(A)).  The Plans were established pursuant to collective bargaining agreements between various

1   employers and employer associations performing work in the entertainment

2   (motion picture and television) industry, the International Alliance of Theatrical

3   Stage Employees and Moving Picture Machine Operators of the United States and

4   Canada, AFL-CIO ("IATSE"), an unincorporated labor organization.  The Plans

5   are administered in Studio City, California.

6       5.    Plaintiffs are informed and believe and thereon allege that defendant

7   Sign Set, Inc. ("Sign Set") is a California corporation with its principal place of

8   business located at 2173 Crescent Avenue, Montrose, California 91020, within the

9   County of Los Angeles.

10      6.    At all relevant times herein, Sign Set has been an employer in an

11  industry affecting commerce, within the meaning of the LMRA and ERISA.

12      7.    This complaint is prosecuted pursuant to section 301(a) of the

13  LMRA, and ERISA §§502 and 515, to enforce the provisions of ERISA against an

14  employer engaged in an industry affecting commerce.

15                        FIRST CLAIM FOR RELIEF

16                         BREACH OF CONTRACT

17              (By All Plaintiffs Against Defendant Sign Set)

18      8.    On or about September 8, 2010, Sign Set executed an Agreement of

19  Consent whereby it agreed to become party to and be bound by the following

20  collective bargaining agreements:

21          A.    the Producer-IATSE Basic Agreement between the Alliance of

22  Motion Picture and Television Producers, Inc. ("AMPTP") and IATSE and its

23  West Coast Studio Locals ("Producer-IATSE Basic Agreement");

24          B.    the Videotape Electronics Supplemental Basic Agreement

25  between IATSE and AMPTP ("Videotape Agreement"); and

26          C.    the Trust Agreements established pursuant to the above-named

27  collective bargaining agreements, including the Pension Plan, the IA Plan and the

28  Health Plan.  A true and correct copy of the Agreement of Consent executed by

Sign Set is attached hereto as Exhibit "1" and incorporated herein by this reference.

9.     In conjunction with the execution of the Agreement of Consent, Sign Set executed a Trust Acceptance, agreeing to be bound by all terms and conditions of the Trust Agreements establishing the Pension Plan, the IA Plan and the Health Plan ("Trust Agreements"), and to contribute to the Plans on behalf of each employee covered by the Agreement of Consent.  A true and correct copy of the Trust Acceptance executed by Sign Set is attached hereto as Exhibit "2" and incorporated herein by this reference.

10.     The Agreement of Consent and Trust Acceptance (collectively referred to herein as the "Sign Set Agreements") and Trust Agreements were in full force and effect during all times relevant herein.

11.     The Trust Agreements obligate Sign Set to forward a single, combined weekly remittance report, together with contributions owed to the Plans for the total hours worked by or guaranteed to all employees covered by the Sign Set Agreements, by the last day of the week following the week in which work was performed.  Contributions are delinquent if they are not received within five (5) days from the date such contributions become due.

12.     Pursuant to the terms of the Trust Agreements, Sign Set agreed that in the event of a delinquency it would  pay liquidated damages.   The Trust Agreements for each of the Plans provide for payment of liquidated damages in addition to payment of any delinquent contribution or any interest, in an amount presumed to be the greater of 20 percent (20%) of the amount of contributions due; or the amount of interest due under the above provisions of this Article on the date when payment is made.

13.     The Trust Agreements further provide that in the event of a delinquency, Sign Set shall be liable to the Plans, in addition to contributions, and liquidated damages, for all expenses of collection, including all costs, reasonable

accountants' fees, auditors' fees and attorneys' fees, and for the payment of interest at the accruing at the rate of 1 percent (1%) per month on all unpaid contributions.

14.    Plaintiffs are informed and believe and upon that basis allege that Sign Set employed persons who performed work covered under the Sign Set Agreements and Trust Agreements for the production of various titles, but failed to report and pay contributions to the Plans for these covered employees.

15.    Pursuant to the terms of the Sign Set Agreements and Trust Agreements, the Plans completed and published an audit of the records of Sign Set on September 30, 2016 (the "Audit").  The Audit disclosed for the first time that Sign Set failed to report and pay contributions in the sum of $69,695.66 based on hours worked by its employees on various productions for the period of April 22, 2012 to April 23, 2016.  Prior to the audit, Plaintiffs were unaware that Sign Set had failed to properly report and pay contributions.

16.    To date, the Plaintiffs have incurred expenses of $3,975.00 in auditing Sign Set' records.

17.    At all times mentioned herein, it was and now is impracticable and extremely difficult to fix the amount of actual damage to the Plaintiffs as a result of nonpayment of contributions.  The amount agreed upon in the Trust Agreements, as and for liquidated damages, represented and now represents a reasonable endeavor to ascertain and compensate for the damages caused to the Plans by the nonpayment of contributions.

18.    As a result of Sign Set's failure to report and pay contributions, it has been necessary for the Plans to employ the law firm of Wohlner Kaplon Cutler Halford & Rosenfeld, and Plaintiffs have incurred attorneys' fees.

19.    As a result of Sign Set's breach of the Sign Set Agreements and Trust Agreements, Plaintiffs have been damaged in an amount equal to the amount of contributions, liquidated damages, interest, reasonable attorneys' fees and all

costs, including audit costs, incurred in enforcing the terms of the Sign Set Agreements and Trust Agreements.

20.     Plaintiffs have complied with all conditions precedent, if any, to be performed under the terms of the Sign Set Agreements.

SECOND CLAIM FOR RELIEF

VIOLATION OF ERISA

(By All Plaintiffs Against Defendant Sign Set)

21.     Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 20, as though fully set forth herein.

22.     By failing to accurately report and pay contributions to the Plans in accordance with the provisions of the Sign Set Agreements and the Trust Agreements, Sign Set has violated ERISA §515. Therefore, in accordance with the terms of the Sign Set Agreements and Trust Agreements and pursuant to ERISA §§502(g)(2) and 515, Plaintiffs are entitled to, and hereby demand, payment of all contributions determined to be due, liquidated damages, interest, reasonable attorneys' fees and all costs, including audit costs, incurred in enforcing the terms of the Sign Set Agreements and Trust Agreements, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs pray for judgment against Defendant Sign Set, Inc., a California corporation, as follows:

ON THE FIRST AND SECOND CLAIMS FOR RELIEF

1.     For unpaid contributions in the sum of $69,695.66 as first disclosed by the Plans' audit;

2.     For payment of interest calculated at the rate of one percent (1%) per month on all unpaid audit contributions owed from the due dates until paid;

3.     For payment of liquidated damages in an amount presumed to be the greater of twenty percent (20%) of the amount of contributions due, or the amount of interest calculated at the rate of one percent (1%) per month until paid;

1    4.    For payment of audit costs in the sum of $3,975.00;

2    5.    For attorneys' fees and costs incurred in this action; and

3    6.    For such other relief as the court deems appropriate, including other

4    appropriate legal and/or equitable relief in accordance with ERISA §502(g)(2)(E).

5    DATED:  March 3, 2017                Elizabeth Rosenfeld
6                                          Kathryn J. Halford
7                                          Nicholas I. Starkman
                                           **WOHLNER KAPLON CUTLER**
8                                          **HALFORD & ROSENFELD**

9                                          By:    _/s/ Nicholas I. Starkman_
10                                                NICHOLAS I. STARKMAN
11                                                Attorneys for Plaintiffs the Boards of
                                                  Directors of the Motion Picture
12                                                Industry Pension Plan, the Motion
                                                  Picture Individual Account Plan, and
13                                                the Motion Picture Industry Health
14                                                Plan

COMPLAINT FOR BREACH OF CONTRACT AND VIOLATION OF ERISA